Argued and submitted October 16, 1991, affirmed July 8, 1992

In the Matter of the Compensation of
William A. Burt, Claimant.

SAIF CORPORATION,
*Petitioner,*

*v.*

William A. BURT;
Thriftee Thriftway;
United Employers Insurance Company;
Performance Insulation/SAIF Corporation;
Anderson Forge; Princeton Property Management,
dba Murray Place Apartments/SAIF Corporation
and Safeway Stores, Inc.,
*Respondents,*

*and*

Jeff L. ADAMS,
dba Adams Landscape Service,
*Respondent.*

(WCB 87-14262, 87-19512, 88-00583,
88-00587, 88-04786, 88-18591, 89-02307;
CA A67493)

833 P2d 1371

Paul L. Roess, Portland, argued the cause for petitioner. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

David C. Force, Salem, argued the cause for respondent William A. Burt. With him on the brief was Vick & Gutzler, Salem.

Janet M. Schroer and Schwabe, Williamson & Wyatt, Portland, filed the brief for respondents Thriftee Thriftway and United Employers Insurance Company.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John Reuling, Assistant Attorney General, Salem, filed the brief for respondents Performance Insulation and SAIF Corporation.

Thomas M. Christ and Mitchell, Lang & Smith, Portland, filed the brief for respondent Anderson Forge.

Mark P. Bronstein, Portland, argued the cause for respondents Princeton Property Management/SAIF Corporation. With him on the brief was Davis & Bostwick, Portland.

Kenneth L. Kleinsmith and Meyers & Radler, Portland, filed the brief for respondent Safeway Stores, Inc.

Allen W. Lyons, Portland, waived appearance for respondent Jeff L. Adams.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

SAIF, the statutory processing agent for the non-complying employer, Jeff L. Adams, dba Adams Landscape Service (Adams), seeks review of the Workers' Compensation Board's order holding that Adams is responsible for claimant's low back condition. SAIF agrees that the Board correctly applied the last injurious exposure rule but contends that it improperly rejected a stipulation that Princeton Property Management, dba Murray Place Apartments (Murray Place), was the last employer. We affirm.

Claimant sustained a compensable low back injury in December, 1981, while working for Thriftee Thriftway. The injury was non-disabling, and claimant continued to work at Thriftway until November, 1985. From that date until July, 1987, he worked for several different employers. When his back condition worsened in 1987, he filed an aggravation claim against Thriftway and claims against all other employers.

At a hearing involving all the claims, each employer was represented by counsel. At the commencement of the hearing, the referee asked each counsel to state the period of time that claimant worked for the respective employer. Counsel for SAIF, on behalf of Adams, said that claimant had worked there from April 20, 1987, through July 28, 1987, and counsel for Murray Place said "two days of employment, July 12 and July 29, 1987." The referee then asked if each employer could stipulate to the periods of employment recited. Each counsel, individually, responded yes to the inquiry, except counsel for Murray Place. It is not apparent from the record whether the referee realized that counsel for Murray Place had not responded. However, the referee found that the dates of employment recited "were stipulated to by counsel." There was evidence about the times that claimant worked for each employer. In particular, claimant testified that, on July 29, 1987, he stopped at Murray Place to pick up a tree that had been cut down and then returned to the job he was working on for Adams. The manager of Murray Place also testified, by deposition, that claimant stopped at the apartment on July 29, 1987, for a few minutes and then left.

The referee concluded that Thriftway was responsible for claimant's low back problems. The referee, therefore, did not address the last employment basis for responsibility or the effect of any stipulation. Thriftway appealed to the Board, which concluded that landscaping work independently contributed to claimant's condition. That finding is not challenged on review. After that finding, the responsibility issue turned on a determination of which of two employers for which claimant did landscaping work was the last employer: Adams or Murray Place.

The Board, after noting the stipulation, found that claimant last did landscape work for Adams. SAIF's only argument is that, as a matter of law, the Board cannot disregard the stipulation of the parties about claimant's periods of employment.[1]

Murray Place responds that it did not stipulate and, therefore, is not bound by the stipulation of the other parties. The record is clear that counsel for Murray Place did not respond to the referee's request for stipulation as to the various dates of employment. SAIF acknowledges the state of the record, but it argues that Murray Place should be deemed by its silence to have acceded to the other parties' recitation. We decline to impose an agreement on an ultimate fact from the silence of counsel. Murray Place did not agree that its work was the last potentially injurious employment. The Board's findings are not otherwise challenged.

Affirmed.

---

[1] We address only the narrow issue as it is phrased by the parties.